**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000008
27-JUN-2018
12:16 PM**

NO. CAAP-16-0000008


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NATIONSTAR MORTGAGE LLC, Plaintiff-Appellee, v.
ERWIN F. CHASE, III; KATHLEEN E. CHASE,
Defendants-Appellants, and HFS FEDERAL CREDIT
UNION; CACH, LLC; JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE
ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-0452)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Erwin F. Chase III (Chase)[1] appeals from the December 14, 2015 Judgment (Judgment) entered on the Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure filed August 5, 2015 (Order) by the Circuit Court of the Third Circuit[2] (Circuit Court).

On appeal, Chase alleges that the Circuit Court erred in granting summary judgment in favor of Plaintiff-Appellee Nationstar Mortgage LLC (Nationstar) because (1) the Property at issue was not subject to foreclosure; (2) the documents attached

---

[1]    Chase attempted to assert an appeal on behalf of Kathleen E. Chase.  However, Chase is not an attorney.  Persons who are not licensed to practice law in Hawai'i "are not permitted to act as 'attorneys' and represent other natural persons in [t]heir causes."  Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979).  Therefore, Chase may not assert this appeal on behalf of Kathleen E. Chase.

[2]    The Honorable Glenn S. Hara presided.

to Nationstar's Verified Complaint for Foreclosure (Complaint) constituted inadmissible hearsay; (3) the assignments of the mortgage were invalid; and (4) Nationstar was not entitled to enforce the Adjustable Rate Note (Note) executed by Chase.

After a careful review of the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve these points of appeal as follows:

Chase argues that the documents attached to the Complaint are hearsay that did not comply with the requirements of Hawaii Rules of Evidence (HRE) Rule 803(b)(6), and are therefore inadmissible to support Nationstar's motion for summary judgment.

> In order to prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent to foreclosure under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with. See 55 Am. Jur. 2d Mortgages § 575 (Nov. 2016 Update). This typically requires the plaintiff to prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice. See Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982) (citing 55 Am. Jur. 2d Mortgages § 554 (1971)). A foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage. HRS § 490:3-301 (providing who is entitled to enforce an instrument); see id. § 490:3-308 (concerning proof of signatures and status as a holder in due course); id. cmt. 2 (noting that "[i]f a plaintiff producing the instrument proves entitlement to enforce the instrument, either as a holder or a person with rights of a holder, the plaintiff is entitled to recovery unless the defendant proves a defense or claim in recoupment").
>
> A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as "[s]tanding is concerned with whether the parties have the right to bring suit." Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001). Typically, a plaintiff does not have standing to invoke the jurisdiction of the court unless the plaintiff has suffered an injury in fact. Id. at 391, 23 P.3d at 726. A mortgage is a conveyance of an interest in real property that is given as security for the payment of the note. HRS § 490:9-102 (defining "mortgage"). A foreclosure action is a legal proceeding to gain title or force a sale of the property for satisfaction of a note that is in default and secured by a lien on the subject property. HRS § 667-1.5 (providing for foreclosure by action); id. 490:9-601(a) (providing that after default, a secured party "[m]ay reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure"). See generally 55 Am. Jur. 2d Mortgages § 573 (Nov. 2016 Update) (discussing the nature and purpose of a foreclosure suit). Thus, the underlying

> "injury in fact" to a foreclosing plaintiff is the mortgagee's failure to satisfy its obligation to pay the debt obligation to the note holder. Accordingly, in establishing standing, a foreclosing plaintiff must necessarily prove its entitlement to enforce the note as it is the default on the note that gives rise to the action. See HRS § 490:9-601 (providing for a secured party's rights after default).
>
> . . . As standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case. Sierra Club v. Haw. Tourism Auth., 100 Hawaiʻi 242, 257, 59 P.3d 877, 892 (2002) (noting that "standing must be established at the beginning of the case").

Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367-68, 390 P.3d 1248, 1254-55 (2017) (footnotes omitted).

Nationstar alleged in its Complaint that on November 6, 2006, Chase executed the Note in favor of Lehman Brothers Bank, FSB. Although not alleged in the Complaint, the purported copy of the Note attached to the Complaint appears to bear a stamp, executed by E. Todd Whittemore, Vice President for Lehman Brothers Bank, FSB, indorsing the Note to Lehman Brothers Holdings, Inc. and another stamp, executed by "Paul E. Sveen, Authorized Signatory" for Lehman Brothers Holdings, Inc. indorsing the Note in blank. Neither indorsement bears a date.

HRE Rule 803(b)(6) provides:

> **Rule 803 Hearsay exceptions; availability of declarant immaterial.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> (b) Other exceptions.
>
> . . . .
>
> (6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness, or by certification that complies with rule 902(11) or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness.

Thus, under HRE Rule 803(b)(6), "[t]he proponent must establish (1) that the record evidences acts, events, conditions, opinions, or diagnoses; (2) that the record was made in the course of a regularly conducted activity; and (3) that the record was made at or near the time of the acts or events that are

3

recorded." <u>State v. Fitzwater</u>, 122 Hawai‘i 354, 365, 227 P.3d 520, 531 (2010) (quotation marks omitted). Foundation for the admission of documents may be established by a qualified witness. "A person can be a 'qualified witness'. . . even if he or she is not an employee of the business that created the document, or has no direct, personal knowledge of how the document was created." <u>Id.</u> at 366, 227 P.3d at 532. "The witness need only have enough familiarity with the record-keeping system of the business in question to explain how the record came into existence in the ordinary course of business." <u>Id.</u> (quoting 5 Joseph McLaughlin, <u>Weinstein's Federal Evidence</u> § 803.08[8][a] (2d ed. 2009)).

"Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as 'created' by the receiving business." <u>Wells Fargo Bank, N.A. v. Behrendt</u>, 142 Hawai‘i 37, 45, 414 P.3d 89, 97 (2018) (citing <u>U.S. Bank N.A. v. Mattos</u>, 140 Hawai‘i 26, 32, 398 P.3d 615, 621 (2017)).

> Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies [1] that the documents were incorporated and kept in the normal course of business, [2] that the incorporating business typically relies upon the accuracy of the contents of the documents, and [3] the circumstances otherwise indicate the trustworthiness of the document.

<u>Id.</u>

In the present case, Nationstar filed its December 5, 2014 Complaint, attaching a Verification of Complaint for Foreclosure (Verification). In this Verification, Fred Turner (Turner), declared that he was a Document Execution Specialist with Nationstar. Turner's Verification states, in part:

> 1. I have knowledge of and I am competent to testify to the matters stated herein by virtue of my employment for Plaintiff Nationstar Mortgage LLC ("Plaintiff"). I have been trained to use and understand the record keeping system utilized for this loan. I know that pursuant to normal business practices, the entries in the business records are made at or near the time of the occurrence by the person with actual knowledge of the occurrence being recorded in the business record. I have also been trained to use and understand the entries in the record and am familiar with the same. My knowledge is based on my review of the business records and files related to the mortgage loan which is the subject of this foreclosure.
>
> 2. On about November 6, 2006, [Chase] for value received, duly made, executed and delivered to Lehman Brothers Bank, FSB, A Federal Savings Bank a promissory note ("Note") in the amount of $520,000.00. A true and correct

copy of the Indorsed Note is attached as Exhibit "A". I confirmed that [Chase] is the proper defendant in this action.

. . . .

7. Plaintiff is in possession of the Note. As evidenced by the recorded Mortgage and applicable assignments, Plaintiff is also the record assignee of the Mortgage. As such, Plaintiff is the proper plaintiff in this matter.

. . . .

11. All documents, memoranda, reports and records of data compilation (collectively, "Records of Acts") that are attached as Exhibits "A"-"G" to my Verification, as well as all other factual information contained herein, represent records of regularly conducted business activity relating to the subject loan.

12. The Records of Acts were and are made in the course of Plaintiff's and Plaintiff's servicing agent's regularly conducted business activity of mortgage lending and mortgage servicing.

13. All herein referenced Records of Acts were and are made at or near the time of the acts reported. Entries into these records are made by persons having personal knowledge of such event, and are reviewed to ensure accuracy and completeness, and are relied upon by Plaintiff and its servicing agent in the conduct of its business.

14. I am familiar with the referenced Records of Acts, which is used to record and track events and documents by Plaintiff and its servicing agent that are relevant to this loan. These records are routinely made in the ordinary course of business in a filing and computer system that I have access to, have been trained to use and understand, and with which I am familiar.

Amongst the "Records of Acts" attached to the Verification were copies of the Note, Mortgage, First Assignment of Mortgage, and Second Assignment of Mortgage.

Nationstar does not point to any additional documents or sworn statements in support of its argument that the evidence was sufficient to support the Circuit Court's grant of summary judgment.[3]

Turner's Verification does not establish a sufficient foundation as either a custodian of records or a qualified witness for a receiving business under HRE Rule 803(b)(6).

_____

[3] Nationstar does note that, its November 9, 2015 Supplemental Declaration [Re: Plaintiff's Motion for Summary Judgment Against All Parties and For Interlocutory Decree of Foreclosure] "stated that the original Note was in the possession of [Nationstar's] counsel." However, this declaration does not state when Nationstar received the original Note.

Turner did not claim to be the custodian of the loan records. Although Turner states that the documents attached to the Complaint were made at or near the time of the acts reported, entries were made by persons having personal knowledge of the event, are reviewed for accuracy and completeness and are relied upon by Nationstar, he does not state that Nationstar did these acts. Nor does Turner state that, if these acts were not done by Nationstar, he was familiar with the record-keeping systems of the entity or entities that created the documents or aver as to the foundational requirements necessary to establish that Nationstar incorporated the records into its own. Thus, taking the documents proffered by Nationstar in the light most favorable to Chase, as we must for the purposes of reviewing a summary judgment ruling, there was a genuine issue of material fact as to whether Nationstar was entitled to enforce the Note at the time the Complaint was filed. Therefore, the Circuit Court erred in granting Nationstar's motion for summary judgment.

Based upon the foregoing, we vacate the December 14, 2015 (1) Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure filed August 5, 2015 and (2) the Judgment entered thereon, and remand this case for further proceedings.

DATED: Honolulu, Hawai'i, June 27, 2018.

On the briefs:

Al Thompson,
for Defendant-Appellant.

Charles R. Prather and
Aaron Masser,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6